IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KIM YVONNE GUEVARA,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 13-CV-515-FHM

**OPINION AND ORDER**

Plaintiff, Kim Yvonne Guevara, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's April 17, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held January 23, 2012. By decision dated February 29, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 12, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 45 years old on the alleged date of onset of disability and 48 on the date of the ALJ's denial decision. She has an eighth grade education and formerly worked as a waitress, records clerk, and casino floor supervisor. She claims to have been unable to work since April 1, 2009 as a result of dysfunction and pain following neck and back surgery due to degenerative disk disease of the cervical and lumbar spine, arm numbness, leg numbness, knee pain, depression, and seizures.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to lift and/or carry 20 pounds occasionally or 10 pounds frequently. In an eight hour workday she can stand and/or walk for at least 6 hours and can sit for at least 6 hours with normal breaks. She can only occasionally climb ramps or stairs, can only occasionally stoop, kneel, crouch, or crawl. She must avoid work above shoulder level and should observe seizure precautions, such as avoiding heights and open machinery. [R. 14]. The ALJ found that Plaintiff is able to perform her past relevant work as a waitress, records clerk,

and casino floor supervisor. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: disregarded significantly probative evidence that conflicted with his findings; failed to give specific and legitimate reasons to justify rejecting the medical opinions of her treating physicians; failed to properly evaluate her mental impairment; and failed to develop the record and make the required findings about her past relevant work.

## **Analysis**

### Treating Physician Opinions

Before the alleged date of onset of disability, Plaintiff underwent two surgeries, one on her lower back, and one on her neck. Dr. Craven, the surgeon treating Plaintiff's lower back stated she had a permanent 20-pound weight lifting restriction of the low back. [R. 256]. The ALJ did not discuss Dr. Craven's restriction, but the RFC included the limitation of occasional lifting and carrying of 20 pounds. [R. 14]. Dr. Boedecker, the neurosurgeon who performed Plaintiff's neck surgery, stated that after surgery her work restrictions included not "lifting more than 10 to 15 pounds, and not pushing or pulling more than this amount, and not working overhead." [R. 455]. The ALJ did not mention Dr. Boedecker's opinion.

Dr. Boedecker's opinion qualifies as a "judgment[] about the nature and severity of [a claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she]

3

can still do despite impairment(s), and [her] physical and mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) "consistent with other substantial evidence in the record." *Id.* (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.* Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted). The court finds that the ALJ erred in failing to either give Dr. Boedecker's opinion controlling weight or providing an explanation for giving it lesser weight.[2]

The ALJ's decision is reversed and the case is remanded for discussion of Dr. Boedecker's opinion.

Plaintiff also complains that the ALJ failed to address the restriction of no squatting and kneeling Dr. Hallford placed on her following her 2008 back injury. [R. 182]. Those restrictions pre-dated Plaintiff's lumbar surgery and appear to have been replaced by Dr. Craven's restrictions. However, on remand the ALJ should also address those restrictions and generally provide a more thorough discussion of the medical evidence.

---

[2] The ALJ stated that the RFC finding is supported by the assessment conducted by the state Disability Determination Service (DDS) experts who reviewed Plaintiff's records. [R. 16]. The court notes that, although Dr. Boedecker's records predate the DDS review, in the DDS summary of the medical records that support the RFC assessment the 2008 cervical surgery is noted, but there is no mention of the lifting restriction. It appears, therefore, that Dr. Boedecker's opinion was not considered in the DDS RFC assessment.

### Evaluation of Mental Disorders

When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The record contains a diagnosis of and treatment for depression. The ALJ mentioned the treatment, [R. 15], but failed to perform the PRT evaluation. On remand the ALJ is required to perform the PRT evaluation.

### Step Four Analysis

The decision in this case was made at step four of the evaluative sequence. At step four of the sequential evaluation process, an ALJ is required to make specific subsidiary findings. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ should first assess the nature and extent of the claimant's physical and mental limitations, which is the RFC finding. *Id.*, (quoting 404.1524(b)). Next, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." *Id.* at 1024. Finally, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* These findings are to be made on the record by the ALJ. *Id.* at 1025; *see also*, SSR 82-62, 1982 WL 31386, at * 4 ("decision must contain ... specific findings of fact" regarding each of the three phases). In addition, *Social Security Ruling* (SSR) 82-62, 1982 WL 31386,

instructs that the rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion. 1982 WL 31386 at * 4.

In the present case, the ALJ's decision includes a discussion of the RFC finding but no discussion of the other findings. The entirety of the ALJ's decision regarding the past relevant work follows:

> **The claimant is capable of performing past relevant work as a waitress, records clerk, and casino floor supervisor. this work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

[R. 16]. Emphasis in original. The ALJ provided no elaboration on the exact requirements of Plaintiff's jobs. At step four it is necessary to inquire and make findings as to the specific demands of the claimant's particular jobs that have a bearing on the medically established limitations. On remand, if the decision is made at step four, the ALJ is required to discuss the requirements of Plaintiff's past relevant work.

## Conclusion

The ALJ's decision is REVERSED and the case is REMANDED for further proceedings as provided herein.

SO ORDERED this 18th day of February, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE